UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

          Plaintiff,

                                                                                 No. 2:13-cr-20302
vs.                                                                          Hon. Gerald E. Rosen

**LARENTA LENARD WATKINS**,

          Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S PETITION**

    Presently before this Court is Defendant's *pro se* Petition to provide him with "the needed transcripts or orders, in order for him to proceed with his Habeas Corpus proceeding." (Dkt. # 20, at 1).[1] Defendant therefore requests that this Court send him transcripts from his plea and sentencing hearings, as well as a docket sheet. (*Id.*). In the alternative, Defendant requests that this Court forward "his Judgment & Commitment." (*Id.*).

    The Court denies Defendant's request for transcripts. "[A]n indigent prisoner is not entitled to a free transcript for the sole purpose of framing a motion

---

[1] Upon review of this Court's docket, it does not appear that Defendant has filed an application for a writ of habeas corpus. This Court therefore construes the phrase "his Habeas Corpus proceeding" to reference a forthcoming application for a writ of habeas corpus.

1

under Section 2255." *Lucas v. United States*, 423 F.2d 683, 684 (6th Cir. 1970); *Bentley v. United States,* 431 F.2d 250, 254 (6th Cir. 1970) (similar); *Rickard v. Burton*, 2 F. App'x 469, 470 (6th Cir. 2001) (similar). Rather, "[u]nder 28 U.S.C. § 753(f), the United States shall pay the fees for transcripts provided to an individual with pauper status if the trial judge or circuit judge certifies that the appeal is not frivolous, but presents a substantial question. Conclusory allegations in support of a request for free transcripts do not satisfy these requirements." *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (internal citation omitted). Accordingly, a defendant must satisfy two conditions to receive a free transcript. *United States v. Chambers,* 788 F. Supp. 334, 338 (E.D. Mich. 1992). First, he must be certified to proceed in forma pauperis under 28 U.S.C. § 1915. *Id.* Second, he must submit a motion for a free transcript setting forth specific factual allegations in support of his forthcoming § 2255 motion that are not frivolous. *Id.*

Defendant has not satisfied either of these conditions. First, Defendant has not submitted an Application to Proceed In Forma Pauperis. Second, even if Defendant had submitted such an application, Defendant has not provided the Court with a motion setting forth the specific factual allegations in support of his forthcoming § 2255 motion.

As for Defendant's request for a docket sheet and his "Judgment & Commitment," the Court directs the clerk to mail Defendant a copy of the docket sheet and this Court's August 29, 2013 Judgment (Dkt. # 17).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Petition [Dkt. # 20] is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**


Dated:  July 17, 2014                          s/Gerald E. Rosen
                                               Chief, Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2014, by electronic and/or ordinary mail.

                                               s/Julie Owens
                                               Case Manager, (313) 234-5135